**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **DANIEL DOE**, *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **SCOTT KUPOR,** <br><br> **Defendant.** | **Civil Action No. 26-2723** |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Hours after his inauguration, President Donald J. Trump signed an Executive Order titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Exec. Order No. 14168, 90 Fed. Reg. 8615 (Jan. 20, 2025). Pursuant to that order, the U.S. Office of Personnel Management (OPM) issued a letter prohibiting insurance coverage under the Federal Employee Health Benefits Program (FEHB) and the Postal Service Health Benefits Program (PSHB) for "chemical and surgical modification of an individual's sex traits through medical interventions (to include 'gender transition' services)" — otherwise known as gender-affirming care. <u>See</u> Off. of Pers. Mgmt., FEHB Program Carrier Letter 2025-01b, at 1 (Aug. 15, 2025), https://perma.cc/8935-XJDQ. The same letter established an "exceptions process" for those who are "mid-treatment," <u>id.</u> at 2, but a subsequent letter directed providers to eliminate that process the following year. <u>See</u> Off. of Pers. Mgmt., FEHB Program Carrier Letter 2026-07, at 14 (Mar. 31, 2026), https://perma.cc/S7GJ-V2VT.

Plaintiffs are transgender or gender-non-conforming federal employees and a federal employee with a transgender dependent. <u>See</u> ECF No. 1 (Compl.), ¶ 8. All have lost or stand to

1

lose coverage for gender-affirming care.  Id.  In this putative class action, they seek a judgment declaring that the two letters at issue and any other similar federal policies violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a); a permanent injunction against enforcement of those letters and policies, along with other equitable relief; and compensatory damages.  See Compl., ¶ 9; id. at 22–24 (prayer for relief).

Plaintiffs have filed a Motion to Proceed Under Pseudonyms, to File Under Seal, and for a Protective Order.  See ECF No. 2 (Mot.).  The Court will grant the Motion in part, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); see also LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I.      Legal Standard

Complaints typically must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously therefore "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in

2

full disclosure" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed

Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve
> privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to
> the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it
> to proceed anonymously.

Id. at 326–27 (cleaned up).

As a general matter, Plaintiffs filing a civil complaint must also file on the public docket.

See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  "The starting point in considering a motion to seal

court records is a strong presumption in favor of public access to judicial proceedings."

Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l

Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this

presumption and seal court records, courts engage in the six-factor inquiry described in United

States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that
> person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial
> proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

Finally, a court may, for good cause, issue a protective order to "[a] party or any person

from whom discovery is sought" to protect them from "annoyance, embarrassment, oppression,

or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "The moving party 'bears the burden of

3

making the showing of good cause contemplated by the rule.'" Smith v. Yeager, 322 F.R.D. 96, 99 (D.D.C. 2017) (quoting Alexander v. FBI, 186 F.R.D. 71, 75 (D.D.C. 1998)).

**II.    Analysis**

The Court addresses pseudonymity and sealing in turn.  It addresses the request for a protective order at the end.

### A.    Pseudonymity

Plaintiffs have met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

First, Plaintiffs do not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  In re Sealed Case, 971 F.3d at 326 (citation omitted) (alteration in original).  Our Circuit has held that a sensitive or highly personal matter "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors."  Id. at 327; see also Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("The . . . medical histories of plaintiffs . . . are paradigmatically sensitive and highly personal.") (cleaned up).  As relevant here, where a medical diagnosis of gender dysphoria is "integral" to a case, this factor "weighs in favor" of allowing a plaintiff to proceed pseudonymously.  Doe v. McHenry, 2025 WL 596650, at *4 (D.D.C. Jan. 31, 2025).  Plaintiffs state that this case will implicate their or their dependents' medical care and history, including diagnoses of gender dysphoria.  See ECF No. 2-1 (Memo.) at 3–4.  They further note that identity disclosure would expose their or their dependents' transgender status, which is itself "private[] and sensitive information about the

4

difference" between their "assigned sex at birth and gender identities." Id. at 3. This first factor thus strongly favors granting the Motion.

The second factor, concerning the "risk of retaliatory physical or mental harm," also supports granting the Motion, if somewhat less strongly. See In re Sealed Case, 971 F.3d at 326 (citation omitted). While the prospect of harassment alone may not be enough to substantiate such harm, courts "generally find a risk of retaliatory harm" where the movant provides evidence that psychological damage is an "anticipated" consequence of disclosure. Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) (quoting J.W. v. D.C., 318 F.R.D. 196, 200 (D.D.C. 2016)). Plaintiffs here assert that they are "certainly at risk of retaliatory physical and mental harm, as some of them have already suffered from it when they have disclosed their transgender status or were perceived as transgender by others." Memo. at 4. And several stand ready to "attest that strangers have verbally harassed them in the past, leading them to have significant, well-founded fears for their safety." Id.; see also id. at 6 (predicting exposure to "severe anxiety and stress"). To be sure, Plaintiffs do not attach an affidavit supporting their claims of physical and mental harm, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [these] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *5 (D.D.C. July 3, 2023). At this stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that disclosing Plaintiffs' names would subject them to a "real risk of retaliatory physical and mental harm," Memo. at 4, particularly given the "discrimination, harassment, and violence" that transgender people too often face. Id. at 5 (quoting Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ., 858 F.3d 1034, 1051 (7th Cir. 2017)). That weighs in favor of granting the Motion.

The third factor requires some line drawing.  It supports granting the Motion as to Plaintiff Patrick Poe, whose transgender daughter is a minor, see Memo. at 7, but not as to the other Plaintiffs, who do not allege that their anonymity implicates a minor's interests.  Cf. In re Sealed Case, 971 F.3d at 326 (stating movant bears burden of demonstrating need for secrecy).  Revealing Poe's name would risk identifying his daughter and compromising her privacy, not least by disclosing her transgender status to the world.  Cf. Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate.").  For Poe, then, this factor supports granting the Motion; it cuts the other way for the rest.

The fourth factor is neutral.  Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing."  J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quotation marks omitted); see Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019).  But the analysis also depends on "the nature of the relief sought."  Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024).  Plaintiffs seek class-wide relief and various equitable remedies that would "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to other parties going forward."  In re Sealed Case, 971 F.3d at 329; cf. Blinken, No. 24-1629, at 5 (noting fourth factor favors pseudonymity where plaintiff seeks "individualized relief against a government defendant").  This factor thus has little net effect.

The fifth and final factor lends additional support to Plaintiffs' Motion. If they were to proceed pseudonymously, Defendant would suffer no unfairness because he already knows their identities. See Memo. at 8; see also In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity). Indeed, Plaintiffs initially disclosed their identities to Defendant when they filed administrative complaints. See Memo. at 8. And they have since shared identifying information with Defendant under seal. See ECF No. 4 (Notice). Going forward, Defendant will remain free to request any further information he deems necessary to the full and fair defense of the case, and Plaintiffs will remain free to object.

In sum, although the third factor weighs against granting the Motion for all but Poe, and the fourth factor is neutral, the remaining factors favor permitting Plaintiffs to proceed under pseudonyms at this stage.

B.      Sealing

Plaintiffs ask to seal limited information that could help identify them, not the entire suit. The Court holds that they have met their burden to overcome the presumption in favor of public access to court records. It will address each Hubbard factor in turn.

The first factor, concerning "the need for public access to the documents at issue," weighs slightly in favor of sealing. To start, the presumption of transparency is normally "accentuated in cases" like this one "where the government is a party," United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., 98 F.3d at 1409), even though this civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest. See Hubbard, 650 F.2d at 317; Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press . . . is at its apex when the government is a party.") (quoting Doe v. Pub.

7

Citizen, 749 F.3d 246, 271 (4th Cir. 2014)).  But here, Plaintiffs have filed an unredacted

Complaint that simply omits identifying information, see Compl.; Memo. at 10, which itself is

"not critical in aiding the public's understanding of the allegations made."  Jones v. Trump, 2025

WL 485419, at *3 (D.D.C. Feb. 13, 2025).  The "targeted" nature of Plaintiffs' request tips this

factor toward sealing.  Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).

The second factor similarly counsels in favor of sealing.  In assessing this factor, the

court "should consider the public's previous access to the sealed information."  CNN v. FBI, 984

F.3d 114, 119 (D.C. Cir. 2021).  There is no doubt that the public has access to the overall

subject of this suit — namely, challenges brought by current and former federal employees to

OPM's letters.  See Memo. at 10.  After all, Plaintiffs have filed an unredacted Complaint on the

docket.  To the Court's knowledge, by contrast, the public has never had access to information

that would identify Plaintiffs as the litigants in this case.  See id.  This factor thus supports

sealing, too.

The third factor follows suit.  "[T]he fact that a party moves to seal the record weighs in

favor of the party's motion."  Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).

As is customary at this stage, no objection to the Motion has been lodged.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted,"

weighs strongly in favor of sealing.  Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650

F.2d at 317–22).  Hubbard contemplated that "[v]alid privacy interests might be asserted . . . in

documents which reveal the intimate details of individual lives, sexual or otherwise."  Hubbard,

650 F.2d at 324.  Plaintiffs seek to seal information that would identify them and thereby reveal

their medical information and gender identities.  See Memo. at 11.  District courts regularly

permit parties to proceed under a pseudonym under such circumstances.  See, e.g., McHenry,

8

2025 WL 596650 at *4; C. v. Dist. of Columbia, No. 23-1139, ECF No. 5 (Mem. Op.) at 3 (D.D.C. Apr. 27, 2023); Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Oct. 2, 2023).  The privacy interests that support pseudonymity also weigh heavily in favor of sealing.

Plaintiffs concede the fifth factor is neutral, "as disclosure would not cause prejudice in future litigation."  Memo. at 11; see All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d at 85 ("The possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'") (quoting United States *ex rel.* Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011)).  The Court agrees.

The sixth and final factor concerns "the purposes for which the documents were introduced."  Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).  Disclosure is the norm where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute."  Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)).  But where a party seeks to seal only limited portions of the pleadings that are not at issue in the case, this factor can favor sealing.  See Gilliard v. McWilliams, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is 'less of a pressing concern to unseal [records] if they are not relevant to the claims.'") (quoting Durham, 818 F. Supp. 2d at 69).  Here, the sixth factor thus weighs in favor of sealing.

In the end, no Hubbard factors favor disclosure, so the Court will grant Plaintiffs' request to seal identifying information about them.  They have already filed two documents, plus attachments, under seal.  See Mot.; Notice.  The Court will permit the Notice to remain sealed but will order Plaintiffs to file the Motion at issue here and its attachments on the public docket

9

within five days, as they appear to contain no identifying information.  The Court will also order all parties to file any additional identifying information about Plaintiffs under seal.

The Court will not, however, issue a separate protective order at this time.  Plaintiffs seek an order under Federal Rule of Civil Procedure 26(c), see Memo. at 9, stating that identifying information about Plaintiffs "shall not be publicly filed or disclosed to persons" other than Defendant's counsel and OPM personnel who need it to prepare the defense in this case.  See ECF No. 2-2 (Proposed Order) at 2.  But Rule 26(c) governs protective orders for "[a] party or any person from whom discovery is sought."  Fed. R. Civ. P. 26(c)(1) (emphasis added); id. (enumerating examples that all pertain to discovery disputes).  The requested protective order thus falls outside the Rule's scope; without more, the Court will not issue it on different grounds. The Court will therefore deny the Motion as to the protective order and leave any issues related to discovery for the assigned judge to address.

## III.    Conclusion

The Court accordingly ORDERS that:

1.  Plaintiffs' [2] Motion to Proceed Under Pseudonyms, to File Under Seal, and for a Protective Order is GRANTED IN PART and DENIED IN PART, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2.  All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;

3.  The [4] Notice of Plaintiffs' Names and Residential Addresses shall remain under seal for now;

4. All parties shall file any additional identifying information about Plaintiffs under seal; and

5. Within five days of this Order, Plaintiffs must file their [2] Motion, [2-1] Memorandum in Support, and [2-2] Proposed Order on the public docket.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 14, 2026

11