**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOE, *et al.* on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT KUPOR, in his official capacity as Director of the UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | Case No. 1:26-cv-02723-APM |

**JOINT STATEMENT REGARDING PROPOSED BRIEFING SCHEDULE FOR PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND FOR PROVISIONAL CLASS CERTIFICATION**

Plaintiffs and Scott Kupor, in his official capacity as Director of the U.S. Office of Personnel Management (OPM) (together, the parties), by and through their undersigned counsel, submit this Joint Statement regarding a proposed briefing schedule for Plaintiffs Coe and Voe's motions for preliminary injunction, Dkt. No. 26, and for provisional class certification and appointment of class counsel (Plaintiffs' motions), Dkt. No. 28.

## I. Introduction

On November 5, 2026, this Court entered a minute order directing the parties to meet and confer regarding a "proposed schedule to complete briefing" on Plaintiffs' motions. The parties have met and conferred; however, they have not been able to reach an agreement on the proposed briefing schedule for Plaintiffs' motions. The parties are therefore submitting competing schedule proposals, and their respective positions are outlined below.

## II. Plaintiffs' Position

Plaintiffs proposed briefing schedule reflects the urgency of Plaintiffs Coe and Voe's requested relief given their and the putative class's ongoing and imminent irreparable injuries, is consistent with the scope of the Court's minute order, and accords with the Court's local rules, which recognizes an expedited briefing schedule for preliminary injunctions. The request for provisional class certification is directly tied to the scope of the preliminary injunctive relief Plaintiffs Coe and Voe seek. *Compare* Dkt. No. 26 at 19-26, *with* Dkt. No. 28 at 13-14.

| **EVENT** | **DEADLINE** |
|---|---|
| Defendant's Opposition in Response to Plaintiffs Coe and Voe's Motions for Preliminary Injunction & Provisional Class Certification | November 25, 2026 |
| Plaintiffs Reply in Support of Plaintiffs Coe and Voe' Motions for Preliminary Injunction & Provisional Class Certification | December 9, 2026 |

Although the Court did not ask the parties to consider a briefing schedule for Defendant's response to Plaintiffs' amended complaint under Federal Rule of Civil Procedure Rule 15(a)(1)(3), Defendant proposes that the briefing schedule for Plaintiffs' motions be tied to its desired schedule for its motion to dismiss. "The purpose of a . . . preliminary injunction is to preserve the status quo while the court considers the merits of the case." *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 763 F. Supp. 3d 13, 16 (D.D.C. 2025). But Defendant's proposal would delay the Court's consideration of Plaintiffs' requested injunctive relief and unnecessarily consolidates the deadlines for Defendant's responses to Plaintiffs' motions with Defendant's anticipated motion to dismiss contesting the merits of Plaintiffs' amended complaint. Plaintiffs accordingly oppose Defendant's requested briefing schedule.

There is good reason for this Court to reject Defendant's request for a combined briefing schedule. First, Plaintiffs' motions are brought by only two of the five Plaintiffs in this action

seeking to represent a putative class that, in mere weeks, will lose insurance coverage for medically necessary gender-affirming care, including coverage for painful and infection-prone post-operative complications. Dkt. No 26 at 1; Dkt. No 28 at 1-2. In contrast, Defendant's motion to dismiss is not supported by any exigency. *C.f.* Dkt. No 26 at 35-36 ("Following antidiscrimination laws is not a hardship.") (citation modified).

Second, Defendant's motion to dismiss involves three Plaintiffs not subjected to Plaintiffs' motions and different legal standards so there will be little overlapping factual or legal analysis with Plaintiffs' motions. Therefore, there is minimal, if any, efficiency to be gained by consolidating the briefing schedules for Defendants' motion to dismiss and Plaintiffs' exigent motions. There is, however, unfairness in Defendant's proposed schedule, which affords Plaintiffs only two and a half weeks to respond to Defendants' forthcoming motion to dismiss and opposition to Plaintiffs' motions, while granting Defendant three weeks and two days for a mere reply. Moreover, Plaintiffs' proposed schedule provides Defendant four weeks to respond to Plaintiffs' motions—well in excess of the seven-day default deadline for a reply. *See* Local R. 7(d). Plaintiffs' offer to compromise on page limits for the briefs in an effort to meet Defendant's concerns about Plaintiffs having separate briefing deadlines was declined. Defendant's request for tying the briefing schedules together and delaying decision on Plaintiffs' exigent motions therefore cannot outweigh the need for prompt briefing and resolution of Plaintiffs' requested injunctive relief.

While Defendant claims that its proposed schedule is supported by Plaintiffs' recent filing for preliminary injunctive relief alongside the amended complaint, Plaintiffs' motions were filed swiftly after Plaintiffs became aware that the 2027 Carrier Letter was creating irreparable harm to Plaintiffs Coe and Voe, and the class of transgender beneficiaries they seek to represent. *See* Dkt. 26 at 14 (describing Ms. Voe's recent entry into the federal workforce), *id.* at 17 (describing the

recent development of Ms. Coe's painful post-operative condition). Plaintiffs' proposed schedule appropriately allows for briefing on Plaintiffs' motions to proceed without unnecessary delay for Defendant's administrative convenience.

Plaintiffs also propose that Defendant's request for a briefing schedule on its anticipated motion to dismiss be resolved under a separate scheduling order or deferred until the resolution of Plaintiffs' motions. If the Court is inclined to allow Defendant to file a motion to dismiss before Plaintiffs' motions are resolved, Plaintiffs respectfully request that this Court permit Plaintiffs to file their response in opposition to Defendant's motion to dismiss by December 16, 2026. Plaintiffs also do not agree to consolidate their response in opposition to Defendant's motion to dismiss for the aforementioned reasons. Defendant's position is that Plaintiffs should file a consolidated response to its motion to dismiss with any replies to the outstanding motions by December 14. As such, there is no real prejudice to Defendant if Plaintiff files replies to Defendant's opposition to the motions for preliminary injunction and provisional class certification by December 9, and an opposition to Defendant's motion to dismiss by December 16. The only real difference is that Plaintiffs' responses are not all consolidated. Given that Defendant is afforded no additional pleading to Plaintiffs' replies, and will have ample time to respond to Plaintiffs' opposition to the motion to dismiss, Plaintiffs respectfully request that the Court afford Plaintiffs the opportunity to separately and fully brief their opposition to the motion to dismiss, as Plaintiff has suggested.

## III. Defendant's Position

Defendant intends to file a consolidated memorandum in opposition to Plaintiffs' motion for a preliminary injunction and in support of Defendant's forthcoming cross-motion to dismiss, given the substantial overlap in the legal issues to be addressed in resolving these two motions. In particular, Defendant anticipates extensive overlap between the likelihood of success on the merits

analysis for the preliminary injunction motion and the grounds supporting Defendant's motion to dismiss. For example, Defendant will argue, among other things, that Plaintiffs' Title VII claim is not only unlikely to succeed, but also subject to dismissal, in light of *United States v. Skrmetti*, 605 U.S. 495 (2025). Defendant respectfully submits that a consolidated briefing schedule for both motions would present the most efficient resolution for the Court and the litigants. Defendant would be willing to defer resolution of Plaintiffs' motion for provisional class certification until after the preliminary injunction motion and cross-motion to dismiss are resolved, to address Plaintiffs' concern that Plaintiffs would not be able to address all three motions on December 9, 2026. Plaintiffs, however, were not amenable to that proposal.

Accordingly, Defendant proposes that Defendant file a consolidated brief in opposition to Plaintiffs' motion for a preliminary injunction and in support of Defendant's cross-motion to dismiss on November 25, 2026, and a separate response to Plaintiffs' motion for provisional class certification on the same day. This deadline is the same one proposed by Plaintiffs above. Then, Plaintiffs should file a consolidated opposition to the motion to dismiss and reply in support of their preliminary injunction motion on December 14, 2026. To keep the provisional class certification and preliminary injunction motions aligned, Plaintiffs should also file their reply in support of class certification that same day. Finally, Defendant proposes to file a reply in support of the motion to dismiss on January 6, 2027. Under this schedule, briefing on the preliminary injunction motion will be complete on December 14, 2026, only five days after it would be complete under Plaintiffs' proposal, and would still give the Court about two and a half weeks to rule before January 1, 2027, if the Court is inclined to rule on the timeline Plaintiffs request.

Finally, any delay is Plaintiffs' own doing. The policies they challenge were adopted as early as January 31, 2025 or August 15, 2025, and in any case no later than March 31, 2026. *See*

Dkt. No. 2 at 2 n.1 (citing OPM, FEHB Program Carrier Letter No. 2025-01a (Jan. 31, 2025) (excluding sex-trait modification services for minors from coverage); OPM, FEHB Program Carrier Letter No. 2025-01b, at 1–2 (Aug. 15, 2025); OPM, *FEHB Program Carrier Letter No. 2026-07*, at 2, 14 (Mar. 31, 2026)). Plaintiffs initiated this lawsuit on August 3, 2026, four months after the adoption of the last challenged policy. And they did not move for preliminary relief until two days ago, November 4, 2026, more than three months after filing suit. Even so, the schedule Defendant proposes presents a reasonable and efficient manner of resolution for the aforementioned motions.[1]

| EVENT | DEADLINE |
|---|---|
| Defendant's: 1) consolidated brief in Opposition to Plaintiffs' Motion for Preliminary Injunction and in support of Cross-Motion to Dismiss; and 2) Response to motion for provisional class certification | November 25, 2026 |
| Plaintiffs': 1) Consolidated Reply in Support of Motion for Preliminary Injunction & Opposition to Motion to Dismiss; and 2) Reply in Support of Motion for Provisional Class Certification | December 14, 2026 |
| Defendants' Reply in Support of Motion to Dismiss | January 6, 2027 |

Dated: November 6, 2026

Respectfully submitted,

/s/ Harini Srinivasan________________
Harini Srinivasan (D.C. Bar No. 1032002)
Aniko Schwarcz (D.C. Bar No. 980631)

BRETT A. SHUMATE

[1] Defendants note that they did not "decline" Plaintiffs' offer to compromise on page limits for the briefs. Counsel for Defendants stated only that they would be willing to revisit the issue of page limits at a later date.

Assistant Attorney General
Civil Division

AMBER RICHER
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ *Elisabeth Neylan*
ELISABETH J. NEYLAN (N.Y. Bar No. 6125736)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (771) 217-8180
Fax: (202) 616-8460
E-mail: Elisabeth.J.Neylan@usdoj.gov

*Attorneys for the United States*

COHEN MILSTEIN SELLERS & TOLL LLP
1100 New York Avenue NW, Suite 800
Washington, DC 20005
(202) 408-4600
hsrinivasan@cohenmilstein.com
aschwarcz@cohenmilstein.com

/s/ Cathy Harris
Cathy Harris (D.C. Bar No. 467206)
Jonathan C. Puth (D.C. Bar No. 439241)
Kelsey S. Speyer (D.C. Bar No. 90007426)
CORREIA & PUTH, PLLC
1400 16th Street NW, Suite 450
Washington, D.C. 20036
(202) 602-6500
charris@correiaputh.com
jputh@correiaputh.com
kspeyer@correiaputh.com

/s/ Cynthia Cheng-Wun Weaver
Cynthia Cheng-Wun Weaver (*pro hac vice*)
Ami Rakesh Patel (*pro hac vice*)
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Avenue NW
Washington, DC 20036
(202) 628-4160
cynthia.weaver@hrc.org
ami.patel@hrc.org

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I do hereby certify that on November 6, 2026, a true and correct copy of this Joint Statement Regarding Proposed Briefing Schedule for Plaintiffs' Motions for Preliminary Injunction and for Provisional Class Certification was served, via the Court's CM/ECF filing system to all parties of record.

*/s/ Harini Srinivasan*
Harini Srinivasan